UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD DESSAINTS, et al.,<br><br>　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>JAYCO, INC., et al.,<br><br>　　　　　　　　　Defendant(s). | Case No. 2:21-CV-931 JCM (NJK)<br><br>ORDER |

Presently before the court is defendants Richardsons' R.V. Centers, Inc. ("Richardsons") and Jayco, Inc.'s ("Jayco") (collectively, "defendants") motion to dismiss, or in the alternative to transfer venue to Indiana. (ECF No. 8). Plaintiffs Donald and Didi Dessaints ("the Dessaints") responded (ECF No. 10), to which defendants replied (ECF No. 15).

Also before the court is the Dessaints' countermotion to compel arbitration (ECF No. 11), defendants' response (ECF No. 16), and the Dessaints' reply (ECF No. 19).

Also before the court is Richardsons' motion to dismiss the Dessaints' first amended complaint (ECF No. 18), the Dessaints' response (ECF No. 23), and Richardsons' reply (ECF No. 24).[1]

**I.    BACKGROUND**

On February 14, 2020, the Dessaints purchased a Jayco manufactured 2020 Jayco Seneca (the "vehicle") from Richardson. (ECF No. 1 ¶ 12). The Dessaints allege that, at the time of purchase, they expressed to defendants' representatives that they had concerns because of a prior purchase of a defective Jayco vehicle. (ECF No. 14 ¶¶ 50–51). According to the Dessaints,

---

[1] Jayco does not join Richardson in this motion to dismiss.

**James C. Mahan**
**U.S. District Judge**

defendants' representatives responded by assuring them that there would be no substantial issues with the vehicle. (*Id.*). Yet, months after purchasing, the Dessaints discovered several defects with the vehicle.[2] (ECF No. 1 at ¶16–17). Despite lengthy repairs by a Jayco authorized warranty repair shop, the vehicle remains defective. (ECF No. 14 ¶¶ 25–27).

As the manufacturer, Jayco provided an express warranty for the vehicle. (ECF No. 8 at 3–4). The express warranty includes a forum selection clause designating Indiana as the exclusive forum and law for any disputes relating to the vehicle. (*Id.*). The Dessaints and Jayco are parties to the warranty agreement, but Richardson is not.

As the retailer, Richardson provided a consumer credit agreement for the sale of the vehicle. (ECF No. 16-2). The credit agreement includes an arbitration clause which provides that any claim or dispute arising from the purchase of the vehicle is to be resolved by arbitration, a choice of law clause selecting federal law and California law, and that the designated forum for arbitration if Richardsons is a party to the dispute is the place of execution.[3] (ECF No. 16 at 4, 6). The Dessaints and Richardson are parties to the credit agreement, but Jayco is not.

The Dessaints originally brought this action against Richardson and Jayco alleging breach of express warranty, breach of implied warranty, revocation/rescission, and violation of Nevada Revised Statute § 597.630. (ECF No. 1). On July 6, 2021, the Dessaints' amended their complaint to allege only three claims for relief: breach of warranty and/or contract against Jayco, breach of warranty and/or contract against Richardson, and a Magnum-Moss Warranty Act claim against Jayco. (ECF No. 14).

The parties now move for several forms of relief: defendants move to transfer venue to Indiana (ECF No. 8), the Dessaints move to compel arbitration (ECF No. 11), and Richardsons moves to dismiss the amended complaint (ECF No. 18).

. . .

. . .

---

[2] The Dessaints allege defects with the windows, kitchen drawer, fridge latch, gas furnace, main entry door, and electric water heater. (ECF No. 14 at ¶25).

[3] The contract was executed in Riverside County, in the central district of California. (ECF Nos. 11 at 10, 16 at 5).

James C. Mahan
U.S. District Judge

- 2 -

## II. LEGAL STANDARD

### A. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA") provides for the enforcement of arbitration agreements in any contract affecting interstate commerce. 9 U.S.C. § 2; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). A party to an arbitration agreement may invoke his or her rights under the FAA by petitioning federal courts to direct that "arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. When courts grant a petition to compel arbitration, the FAA requires stay of litigation "until such arbitration has been had[.]" *Id.* at § 3.

The FAA embodies a clear policy in favor of arbitration. *AT&T Mobility*, 563 U.S. at 339. Courts must rigorously enforce arbitration agreements. *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008). "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *See Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA leaves no place for courts to exercise discretion, but instead mandates courts to enforce arbitration agreements. *See Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 218 (1985).

When addressing a motion to compel arbitration, the court's role is "limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp.*, 207 F.3d at 1130 (citing 9 U.S.C. § 4; *Simula, Inc.*, 175 F.3d at 719–20).

Generally, the scope of arbitration is broad and covers all issues, except a challenge of the arbitration clauses validity. *Id.* at 353. If there are any challenges as to the scope of arbitrable issues, including waiver to arbitrability, the court resolves these in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). A court compels arbitration for covered issues in the arbitration agreement. *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

### B. Motion to Transfer

A matter may be transferred to a forum where the parties have agreed to. 28

James C. Mahan
U.S. District Judge

U.S.C. § 1404(a). The court should enforce a forum-selection clause that points to a federal district unless there are extraordinary circumstances unrelated to convenience. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Tex.*, 571 U.S. 49, 52 (2013).

However, a forum-selection clause is unenforceable when fraud induces the inclusion of the clause, the clause is overreaching, if enforcing the clause would deprive the repudiating party of their day in court, or if enforcing the clause contravenes public policy. *Petersen v. Boeing, Co.*, 715 F.3d 276, 280 (9th Cir. 2013).

## C. DISCUSSION

Consistent with the following, the court compels the parties to arbitrate in the central district of California. All other pending motions and requests for relief are DENIED, and this matter is stayed pending the parties' participation in arbitration.

### a. The Dessaints' countermotion to compel arbitration

Except for the validity of an arbitration clause, the arbitrator may resolve any matter that the arbitration clause provides should be arbitrated. *See Preston*, 552 U.S. at 353 (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967)).

Here, no party disputes the arbitration clause's validity and the arbitration clause covers "[a]ny claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute)." (ECF No. 16-1 at 6). Thus, this matter falls within the scope of the parties' valid arbitration agreement.

Defendants argue that, even though the arbitration clause is valid, the Dessaints' waived their right to arbitrate when they filed this action. (ECF No. 16 at 3).

The right to arbitration, like any other contract right, can be waived. *United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 921 (9th Cir. 2009) (citing *Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 758–59 (9th Cir.1988)). However, waiver of the right to arbitration is disfavored, and the party asserting waiver bears a heavy burden of proof. *Id.*

"To demonstrate waiver of the right to arbitrate, a party must show: '(1) knowledge of an

existing right to compel arbitration; (2) acts inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.' " *Id.* (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir.1986)).

Defendants' arguments regarding waiver of arbitration are unpersuasive. (ECF No. 16 at 3–5). While the Dessaints filed this action with knowledge of their right to arbitrate, their conduct is not inconsistent with the right to arbitrate. To the contrary, the first motion the Dessaints' filed after removal was the countermotion to compel arbitration. (ECF No. 8). Additionally, only a motion to dismiss or transfer venue had been filed to that point. (ECF Nos. 8, 11).

As there is no trial date set for this matter, and the arbitration request occurred within two months of filing the complaint, there is no prejudice resulting from the relatively brief delay before the Dessaints sought arbitration. Further, while the parties have now engaged in some discovery, they did not submit the discovery plan until almost a month after this motion to compel arbitration was filed. (*See* ECF No. 20). Thus, defendants fail to establish waiver under their heavy burden.

Next at issue is whether Jayco, as a nonsignatory to the credit agreement, is subject to the arbitration clause. Under both Nevada and California law, a nonsignatory may be bound to an arbitration agreement. *Truck Ins. Exch. v. Palmer J. Swanson, Inc.*, 189 P.3d 656, 634 (Nev. 2008); *Felisilda v. FCA US LLC*, 266 Cal. Rptr. 3d 640 (Cal. Ct. App. 2020), *rev. denied* (Nov. 24, 2020).

Here, the arbitration clause clearly presumes the participation of third-party non-signatories. (ECF No. 16-2 at 6) ("Any claim or dispute . . . between you and us or our employees, agents, successors, or assigns, which arises out of . . . this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall . . . be resolved by neutral binding arbitration and not be a court action."). Further, the claims in this matter relate to the condition of a motorhome that Jayco manufactured and sold through Richardsons, Jayco's authorized dealer. Thus, this is a situation where a nonsignatory may be bound to the arbitration clause.

James C. Mahan
U.S. District Judge

- 5 -

As to defendants' argument that Jayco's forum selection clause supersedes the arbitration clause, the court disagrees. (ECF No. 16 at 6).

When a party objects to a forum-selection clause, it bears the burden to show why the clause should not be enforced. *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 64 (2013). In reviewing a disputed motion to transfer venue based on a forum-selection clause, "a district court may consider arguments about public-interest factors only." *Id.* (holding that the plaintiff's choice of forum and private interests are not relevant to such a consideration). Public policy favors enforcing this arbitration agreement over the forum selection clause.

First, there is a strong national policy favoring arbitration where parties agree to arbitrate. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011); *Preston v. Ferrer*, 552 U.S. 346 (2008); *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716 (9th Cir. 1999); *Adema Techs., Inc. v. Wacker Chem. Corp.*, 657 F. App'x 661, 663 (9th Cir. 2016) (holding that a forum selection clause may be defeated if enforcement would contravene strong public policy). Indeed, the FAA embodies a clear policy in favor of arbitration. *AT&T*, 563 U.S. at 339.

Second, while the Dessaints purchased the vehicle together, only Donald signed the registration entry acknowledging that he received, read, and understood the limited warranty. (ECF No. 8-4). The court holds that the public interest in enforcing contractual provisions on parties who *may* have seen an unbolded provision of a lengthy warranty, like Donald, is outweighed by the public interest in not subjecting parties who have *never* seen those provisions, like Didi, to commence litigation in foreign states where none of the marketing, negotiation, sale, repair, or injury occurred.

Finally, Jayco sold the motorhome through its authorized dealer, Richardsons, in California and repaired it through a Jayco approved mechanic in Nevada. (ECF No. 14 at 3). So, while Richardsons never engaged with Nevada and the Dessaints never engaged with Indiana, the parties all engaged in distinct and purposeful conduct relating to this matter in the central district of California. Thus, the court holds that it is more efficient for the parties to arbitrate in the agreed upon forum, the central district of California, than to sever, transfer, and/or dismiss this matter.

James C. Mahan
U.S. District Judge

- 6 -

Defendants cite *Goldman, Sachs & Co. v. City of Reno*, 747 F.3d 733, 741 (9th Cir. 2014) to support their argument that a forum selection clause supersedes an arbitration clause. Defendants are incorrect. The court in *Goldman* held merely that the parties' choice to enter into a forum selection clause superseded the Financial Industry Regulatory Authority ("FINRA") provision which requires arbitration by default. Here, the parties contracted for both remedies and the court's analysis regarding the forum selection clause establishes that arbitration is the appropriate remedy for this matter.

Though the court compels the parties to arbitrate, the proper place of arbitration is not Las Vegas, as the Dessaints claim, but the central district of California.

Under the arbitration clause, "[t]he arbitration hearing shall be conducted in the federal district in which you reside unless the Seller-Creditor is a party to the claim or dispute, in which case the hearing will be held in the federal district where this contract was executed." (ECF No. 16-2 at 6). The Dessaints do not dispute that the contract was executed in the central district of California but argue that Las Vegas is the proper place of arbitration because Richardson is not a "Seller-Creditor" under the contract as it did not offer the Dessaints a line of credit. (ECF No. 19 at 6). The Dessaints' are mistaken.

The designation of "Seller-Creditor" is purely that, a designation like any other stock contract designation which simplifies language to avoid rewriting nouns and pronouns within stock provisions whenever the signing parties change. The credit agreement clearly provides that the "Seller-Creditor" is Richardson, just as the "Buyer" is Donald and the "Co-Buyer" is Didi. (ECF No. 16-2 at 2). The court will not entertain an attempt to rewrite the arbitration clause to maintain the Dessaints' choice of forum despite the arbitration clause's clear and unambiguous language. Since Richardsons is a party to this dispute, the proper place of arbitration is the place of purchase, the central district of California.

Thus, the arbitration clause is valid, this matter falls within the scope of arbitrator's judgment, public policy favors enforcing arbitration over venue transfer, and Jayco may be compelled to arbitrate. Therefore, the court compels the parties to arbitrate this matter where they contracted to arbitrate, the central district of California.

James C. Mahan
U.S. District Judge

**b. Defendants' motions to dismiss**

Defendants admit that the Dessaints' amended complaint moots the grounds for the original motion to dismiss. (ECF No. 15 at 2). Thus, defendants' motion to dismiss (ECF No. 8) is moot. As the court compels arbitration, Richardsons' motion to dismiss the amended complaint (ECF No. 18) is also moot. Thus, the court DENIES both motions to dismiss. (ECF Nos. 8, 18).

**D. CONCLUSION**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to dismiss or, in the alternative, to transfer (ECF No. 8) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Richardsons' motion to dismiss (ECF No. 18) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the Dessaints' countermotion to Compel Arbitration (ECF No. 11) be, and the same hereby is, GRANTED. The parties shall arbitrate in the central district of California.

IT IS FURTHER ORDERED that this matter is STAYED pending the parties' participation in arbitration. The parties must move to lift this stay within thirty days from their completion of arbitration.

DATED October 18, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**